IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAMS,

    Plaintiff,                  No. CIV S-09-3067 GGH P

    vs.

M.S. EVANS, et al.,

    Defendants.             ORDER

                                       /

I. Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This case is before the undersigned pursuant to both parties consent. Docs. 5, 20. Pending before the court are defendants, Bush and Evans, motion for summary judgment filed on September 24, 2010. Plaintiff filed an opposition on October 21, 2010. For the reasons that follow, the court orders that the motion be granted and this case dismissed.

II. Complaint

        Plaintiff alleges that he slipped and fell while exiting the shower and injured his back. Plaintiff alleges that the two defendants are responsible for his injuries and violated the Eighth Amendment for failing to place shower mats near the shower area.

        A third defendant, Purit, was named in the complaint but several attempts to serve

1

him have been unsuccessful. On October 8, 2010, the court ordered one final attempt to serve Purit. However, for the reasons discussed below, Purit, will be sua sponte dismissed from this action.

III.  Motion for Summary Judgment

Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

1  (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than
2  simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
3  taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
4  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).
5           On January 8, 2010, the court advised plaintiff of the requirements for opposing a
6  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
7  F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.
8  1988).
9           The above advice would, however, seem to be unnecessary as the Ninth Circuit
10 has held that procedural requirements applied to ordinary litigants at summary judgment do not
11 apply to prisoner pro se litigants.  In Thomas v. Ponder, 611 F.3d 1144 (9th Cir. 2010), the
12 district courts were cautioned to "construe liberally motion papers and pleadings filed by *pro se*
13 inmates and ... avoid applying summary judgment rules strictly."  Id. at 1150.  No example or
14 further definition of "liberal" construction or "too strict" application of rules was given in Ponder
15 suggesting that any jurist would know inherently when to dispense with the wording of rules.
16 Since the application of any rule which results in adverse consequences to the pro se inmate
17 could always be construed in hindsight as not liberal enough a construction, or too strict an
18 application, it appears that only the essentials of summary judgment, i.e., declarations or
19 testimony under oath, and presentation of evidence not grossly at odds with rules of evidence,
20 apply in this dichotomous litigation system where one side must obey the written rules and the
21 other side substantially absolved from doing so.
22 IV.  Undisputed Facts
23           The following of defendants' undisputed facts (DUF) are either not disputed by
24 plaintiff, or following the court's review of the evidence submitted, have been deemed
25 undisputed:
26           At all relevant times plaintiff was a state prisoner in the custody of CDCR housed

1  at Folsom State Prison.  DUF #1.  Defendant Bush was an associate warden at Folsom.  DUF #2.
2  Defendant Evans was warden at Folsom.  DUF #3.
3          On April 14, 2009, plaintiff fell while exiting the shower.  DUF #4.  Prior to April
4  14, 2009, neither defendant was aware if other inmates had fallen in the shower.  DUF #5.  After
5  reviewing plaintiff's inmate appeals, defendant Bush ordered anti-slip tape for the showers and
6  ordered staff to install temporary shower mats.  DUF #8, 9.
7          Defendants' only involvement in this case is that they are supervisors at Folsom
8  and responded to plaintiff's inmate appeals.  DUF #12.
9  V.  <u>Disputed Facts</u>
10          Plaintiff failed to respond to plaintiff's undisputed facts and a review of the record
11  does not reveal any disputed facts.
12  VI.  <u>Eighth Amendment Claim</u>
13          <u>Legal Standard</u>
14          "Prison officials have a duty to ensure that prisoners are provided adequate
15  shelter, food, clothing, sanitation, medical care, and personal safety."  <u>Johnson v. Lewis</u>, 217
16  F.3d 726, 731 (9th Cir. 2000), citing, inter alia, <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S. Ct.
17  1970 (1994).  When an inmate has been deprived of necessities, "the circumstances, nature and
18  duration of a deprivation of these necessities must be considered in determining whether a
19  constitutional violation has occurred."  <u>Johnson</u>, <u>supra</u>, at 731.
20          The Ninth Circuit, in concluding that safety hazards, exacerbated by poor or
21  inadequate lighting, pervaded a Washington penitentiary's occupational areas, "seriously
22  threaten[ing] the safety and security of inmates and creat[ing] an unconstitutional infliction of
23  pain," has stated:

> Persons involuntarily confined by the state have a constitutional
> right to safe conditions of confinement.  See <u>Youngberg v. Romeo</u>,
> 1982, 457 U.S. 307, 315-16, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28;
> <u>Santana v. Collazo</u>, 1 Cir., 1983, 714 F.2d 1172, 1183 [1983].  Not
> every deviation from ideally safe conditions amounts to a

> constitutional violation, see, e.g., Santana at 1183. However, the Eighth Amendment entitles inmates in a penal institution to an adequate level of personal safety. This is required because inmates, by reason of their confinement, cannot provide for their own safety. Santana, supra, 714 F.2d at 1183. See also Estelle v. Gamble, 1976, 429 U.S. 97, at 103-04, 97 S.Ct. 285, 290-91, 50 L.Ed.2d 251.

Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985); see also, Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).

Prisoners alleging Eighth Amendment violations based on unsafe conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. at 833. "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. The prisoner must also demonstrate that the defendant had a "sufficiently culpable state of mind." Id. This standard requires that the official be subjectively aware of the risk; it is not enough that the official objectively should have recognized the danger but failed to do so. Id. at 838. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not...." does not rise to the level of constitutionally deficient conduct. Id. at 838, 114 S. Ct. at 1979. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

"[D]eliberate indifference entails something more than mere negligence...[but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), quoting Farmer, supra, 511 U.S. at 835, 114 S. Ct. 1970. Prison officials display a deliberate

indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety. Farmer, 511 U.S. at 837-838, 114 S. Ct. at 1979-80.

In Osolinski v. Kane, supra, 92 F.3d 934, a prisoner brought a § 1983 action claiming that the failure of prison officials to repair an oven, the door of which fell off and burned his arm, violated the Eighth Amendment. In Osolinski, the Ninth Circuit found that it was not clearly established that a single defective device, without any other conditions contributing to the threat of an inmates' safety, created an objectively insufficiently inhumane condition sufficient to be violative of the Eighth Amendment. 92 F.3d at 938. In reaching this finding, the Ninth Circuit noted the following several cases which held that minor safety hazards did not violate the Eighth Amendment. Id. In Tunstall v. Rowe, 478 F. Supp. 87, 89 (N.D.Ill. 1979), the existence of a greasy staircase which caused a prisoner to slip and fall and injure his back did not state a constitutional claim under the Eighth Amendment because prison officials are not under a constitutional duty to assure that prison stairs are not greasy. In Snyder v. Blankenship, 473 F. Supp. 1208, 1212 (W.D.Va. 1979), the failure to repair a leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped, injuring his back, did not violate the Eighth Amendment as "a slip and fall injury is not comparable to a prison-related injury, such as harm caused by the assault of fellow inmates, for example." In Robinson v. Cuyler, 511 F. Supp. 161, 163 (E.D.Pa. 1981), the court found that where a prisoner slipped on a wet floor and was burned by the contents of an overturned pot an Eighth Amendment violation was not stated as "[a] slippery kitchen floor does not inflict 'cruel and unusual punishments.'" In Osolinski, 92 F.3d at 938-939, the Ninth Circuit also distinguished the facts of a Second Circuit case, Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987), wherein plaintiff survived a motion to dismiss on a claim of an Eighth Amendment violation, where plaintiff averred that defendant had ordered him to continue working on a ladder after plaintiff had told defendant it was unsafe, because "[t]he order to remain on the ladder in Gill exacerbated the inherent dangerousness of the defective ladder, rendering the ladder a serious safety hazard, akin to those

found in Hoptowit."[1]

Furthermore, the Ninth Circuit has stated flatly that slippery prison floors do not set forth a constitutional violation. Jackson v. State of Ariz., 885 F.2d 639, 641 (9th Cir. 1989) (superseded on another ground) (inmate's complaint about slippery prison floors does not state even an arguable Eighth Amendment violation), citing Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400 (1981) ("the Constitution does not mandate comfortable prisons....").

On the other hand, the Ninth Circuit has also found that slippery floors without protective measures could constitute a condition of deliberate indifference. Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998), citing LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (inmates entitled to protection from unsafe prison conditions). In LeMaire, while the Ninth Circuit found that an injunction could be issued to protect inmates from unsafe conditions before a serious injury had occurred, the court nevertheless stated that "shackling a dangerous inmate in a shower" does not create a "sufficiently unsafe condition[,] [e]ven if the floors to the shower are slippery and LeMaire might fall while showering...." quoting Jackson, supra, 885 F.2d at 641 ("'slippery prison floors...do not state even an arguable claim for cruel and unusual punishment.'")

In Frost, by contrast, the inmate was disabled and on crutches, had fallen and injured himself several times on slippery shower floors; prison guards were aware of this, and plaintiff had submitted several grievances to jail officials, advising them of the risk he faced. 152 F.3d at 1129. Moreover, a prison doctor had stated that Frost should be placed in the handicapped unit, but prison officials had failed to accommodate him. Id.

Analysis

Plaintiff sets forth no facts that he slipped in the showers prior to his fall or any other inmates slipped. Plaintiff argues that because the prison houses inmates with disabilities,

---

[1] See Hoptowit v. Spellman, supra, 753 F.2d 779.

defendants should have been aware that shower mats were needed and plaintiff allegedly told defendant Purit once, that there was a potential safety hazard.[2]  Plaintiff also contends that the Americans with Disabilities Act guidelines require some type of anti-slip protection.  Even assuming that these guidelines do mandate shower mats in showers, plaintiff has failed to demonstrate a violation of the Eighth Amendment.

Plaintiff's allegations arguably do not even rise to the level of negligence, let alone to the much higher standard of deliberate indifference.  Plaintiff has not described a substantial risk of serious harm to his safety or even that defendants knew of the risk and consciously disregarded it.  As set forth above, plaintiff has not pled facts remotely akin to what was established in Frost, and the Ninth Circuit in LeMaire did not find an Eighth Amendment violation in shackling an inmate in a slippery shower, facts that were more egregious than the instant case.

As plaintiff's allegations fail to raise a cognizable constitutional claim, the court will not even address defendants strong argument that defendants only involvement is in their capacity as supervisors.  The court will also sua sponte dismiss Purit, as plaintiff's allegations do not raise a constitutional deprivation.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' (including Purit) September 24, 2010, motion for summary judgment (Doc. 24) is granted; judgment shall be entered in favor of defendants;

2. This case is closed.

DATED: 02/02/2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
will3067.sj

---

[2] As Purit has not been served, this is not an undisputed fact.

9